FRANCISCO RIVERA v. THE STATE.

No. 14074. Delivered January 14, 1931.
Reported in 34 S. W. (2d) 862.

The opinion states the case.

*E. T. Yates* of Brownsville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year and one day in the penitentiary.

According to the testimony of two police officers of the city of Harlingen, appellant was discovered asleep in a car upon a street of said city some time during the night. In the tonneau of the car were two five gallon cans of mescal, shown to be intoxicating liquor. Appellant was not under the wheel but was sitting on the right side of the seat of the car. When he was awaked and asked

whose car it was, he apparently said it belonged to one Saenz. He told the officers he came there with Saenz and was waiting for him at the time they found him. The officers testified that at that time the left door of the car was open. The indictment herein shows upon its face to have been returned against both appellant and Saenz charging each of them with possessing intoxicating liquor for purposes of sale.

There was no testimony as to the ownership of the car, or who had possession of the liquor found therein, except as above set out. Appellant offered no testimony, and the State offered only the two police officers above referred to.

Appellant reserved an exception to the failure of the trial court to submit to the jury the law of circumstantial evidence in his charge, and a special charge was prepared and refused which embodied that principle. In our opinion the learned trial judge fell into error in declining to submit the case upon the law of circumstantial evidence. Manifestly if one should be sitting in the store of another in which was found intoxicating liquor, or in the house of another wherein was found such contraband, and there be no further testimony showing that such party claimed either to possess or own the liquor referred to, it would be necessary to instruct the jury upon the law of circumstantial evidence. There is not the slightest suggestion that appellant carried the liquor to the point, or that he claimed to own or possess it, or that he offered to sell it. The fact of his possession for any purpose was but an inference from the circumstances detailed by the officers.

For the error mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*